UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| Lou Hollingsworth, <br><br> Plaintiff, <br><br> v. <br><br> Discover Bank and Experian Information Solutions, Inc. <br><br> Defendants. | Case No.: 1:23-cv-184 |

# COMPLAINT

Comes now Plaintiff, Lou Hollingsworth, by and through counsel undersigned, upon information and belief, herby complains as follows:

## INTRODUCTION

1. This is an action brought by an individual consumer for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff is a resident of the county of Mobile, Alabama.

5. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

6. Defendant Discover Bank ("Discover") is a furnisher of consumer credit information to consumer reporting agencies.

7. Defendant Experian Information Solutions, Inc. is in the business of maintaining and reporting consumer credit information for profit.

8. Experian is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

### FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

9. On or about December 31, 2021, Discover canceled the alleged debt of Plaintiff for account number ending 117592 (the "Account").

10. Discover issued Plaintiff an IRS Form 1099-C, stating it discharged the debt in the amount of $10,457.52.

11. The form 1099-C canceled the balance owed on the Account.

12. The Identifiable Event Code on the 1099-C is marked "G"—indicating that the creditor has made a decision or policy to discontinue collection of the debt and to cancel the debt.

13. Upon information and belief, Discover submitted the form 1099-C to the IRS, reporting the debt canceled as income attributable to Plaintiff.

14. Because of this, Plaintiff was obligated to pay taxes on the cancelled debt.

15. Prior to issuing the form 1099-C, Discover actively attempted to collect the debt from Plaintiff using telephone calls, letters, and collection notices.

16. After cancelling the debt, Discover discontinued efforts to collect the debt and no longer uses the telephone calls, letters, and collection notices that it employed prior to cancelling the debt.

17. Prior to cancelling the debt, Discover provided periodic statements and letters containing information about the Account.

18. After cancelling the debt, Discover discontinued its practice of providing periodic statements and letters containing information about the Account.

19. Based on the issuance of the form 1099-C, and on Discover's activity or inactivity related to collecting the debt, it is clear that Discover has cancelled the debt associated with the Account.

20. Plaintiff relied on receipt of the IRS Form 1099-C from Discover in his decision-making and activities concerning the Account.

21. In spite of cancelling the debt, Discover continued, erroneously, to report a balance due on the Account to the credit reporting agencies, which appeared on Plaintiff's consumer reports.

22. In or about January 2023, Plaintiff obtained a copy of her credit reports from Experian.

23. Upon review of Plaintiff's credit reports, Plaintiff observed that Discover was reporting that Plaintiff owed a past due balance on the Account in the amount of $10,457.52 on Plaintiff's credit reports.

24. The false information regarding the Account appearing on Plaintiff's consumer reports harms Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness.

25. Experian published the false information regarding the Account to third parties.

## WRITTEN DISPUTE

26. On or about January 2023 Plaintiff sent a written dispute letter to Experian (the "Dispute") disputing the inaccurate information regarding the Account reporting on Plaintiff's consumer report, including a copy of the IRS Form 1099-C. and also requesting from each a description of the procedure used to determine the accuracy and completeness of the information Plaintiff was disputing.

27. Upon information and belief, Experian forwarded Plaintiff's Dispute to Discover for reinvestigation.

28. Upon information and belief, Discover received notification of Plaintiff's Dispute from Experian.

29. Discover failed to conduct a reasonable investigation, failed to contact Plaintiff or any third-parties, and failed review underlying account information with respect to the disputed information and the accuracy of the disputed information.

30. Experian failed to conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the disputed information.

31. Discover failed to instruct Experian to remove the false information reporting on Plaintiff's consumer report.

32. Experian employed an investigation process that was not reasonable and did not remove the false information identified in Plaintiff's Dispute.

33. Experian employed internal processes that were not reasonable and failed to ensure the maximum possible accuracy of the information reported on Plaintiff's consumer report.

34. At no point after receiving the Dispute did any Defendant communicate with Plaintiff to determine the veracity and extent of Plaintiff's Dispute.

## COUNT I – Discover

### (Fair Credit Reporting Act Violation – 15 U.S.C. § 1681s-2(b))

35. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

36. After receiving the Dispute, Discover failed to correct the false information regarding the Account reporting on Plaintiff's consumer reports.

37. Discover violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate Plaintiff's Dispute; by failing to review all relevant information regarding Plaintiff's Dispute; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of false representations to the consumer credit reporting agencies, among other unlawful conduct.

38. As a result of this conduct, action, and inaction of Discover, Plaintiff suffered damages, and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

39. Discover's conduct, action, and inaction was willful, rendering it liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

40. In the alternative, Discover was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

41. Plaintiff is entitled to recover costs and attorneys' fees from Discover pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

### COUNT II – Experian

(Fair Credit Reporting Act Violation – 15 U.S.C. § 1681e(b))

42. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

43. After receiving the Dispute, Experian failed to correct the false information reporting on Plaintiff's consumer report.

44. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning Plaintiff.

45. As a result of this conduct, action and inaction of Experian Plaintiff suffered damage, and continues to suffer actual damages, including economic loss, damage to

reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

46. The conduct, action, and inaction of Experian was willful, rendering Experian liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

47. In the alternative, Experian was negligent, and Plaintiff is entitled to recover damages under 15 U.S.C. § 1681o.

48. Plaintiff is entitled to recover costs and attorneys' fees from Experian pursuant to 15 U.S.C. § 1681n and/or § 1681o.

### COUNT III – Experian

(Fair Credit Reporting Act Violation – 15 U.S.C. § 1681i)

49. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

50. After receiving the Dispute, Experian failed to correct the false information reporting on Plaintiff's consumer report.

51. Experian violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files, and by failing to provide Plaintiff with a description of its procedures used to determine the accuracy and completeness of the disputed information.

52. As a result of this conduct, action and inaction of Experian, Plaintiff suffered damage, and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

53. The conduct, action, and inaction of Experian was willful, rendering each liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

54. In the alternative, Experian was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

55. Plaintiff is entitled to recover costs and attorneys' fees from Experian pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks remedies as defined by 15 U.S.C. § 1681 and demands:

1. Trial by jury.

2. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

3. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for each Defendant's willful violation;

4. The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

5. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Dated: May 19, 2023

*/s/ Patricia S. Lockhart*
Patricia S. Lockhart
5723 Annandale Lane
Irondale, AL 35210
Telephone: (256) 276-2527
Fax: (602) 218-4447
Attorney for Plaintiff