IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LOU HOLLINGSWORTH, | * |
| Plaintiff, | * |
| vs. | * CIVIL ACTION NO. 23-00184-KD-B |
| DISCOVER BANK AND EXPERIAN INFORMATION SOLUTIONS, INC., | * |
| Defendants. | * |

**REPORT AND RECOMMENDATION**

This matter is before the Court on Defendant Discover Bank's motion to dismiss (Doc. 9), Plaintiff's response in opposition (Doc. 14), and Discover's reply (Doc. 16). The motion has been referred to the undersigned Magistrate Judge for consideration and recommendation pursuant to 28 U.S.C. § 636(b)(1). Upon consideration of all matters presented, the undersigned recommends, for the reasons set forth below, that Discover's motion to dismiss (Doc. 9) be **DENIED**.

**I. BACKGROUND**

Plaintiff Lou Hollingsworth ("Plaintiff" or "Hollingsworth") commenced this action against Discover Bank ("Discover") and Experian Information Solutions, Inc. ("Experian") alleging violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b).[1] (Doc. 1). Hollingsworth contends that around December 31,

---

[1] Hollingsworth reached a settlement with Experian; thus, only her

2021, Discover cancelled the $10,457.52 balance owed on her Discover account (the "Account"). (Doc. 1 at 2). According to Hollingsworth, Discover issued to her an IRS Form 1099-C ("Form 1099-C"), "stating it discharged the debt in the amount of $10,457.52." (Id.). Hollingsworth asserts that "[t]he Identifiable Event Code on the 1099-C [wa]s marked 'G'-indicating that the creditor has made a decision or policy to discontinue collection of the debt and to cancel the debt." (Id.). Hollingsworth further asserts upon information and belief, after issuing the Form 1099-C, Discover submitted the Form 1099-C to the IRS and reported the debt canceled as income attributable to her. (Id.). She also alleges that after issuance of the Form 1099-C, Discover ceased all collection activity and stopped sending her informational statements regarding the Account. (Id. at 2-3).

Hollingsworth alleges that on or around January 2023, she obtained a copy of her credit report and observed Discover was erroneously reporting an outstanding balance on the Account to credit reporting agencies, including Experian. (Id. at 3). Hollingsworth then submitted a written dispute to Experian to report the inaccuracy and she requested a description of the procedures used to verify the disputed information. (Id. at 4). Hollingsworth alleges the written dispute was then forwarded to

---

claim against Discover remains. (Doc. 19).

Discover; however, Discover never informed her of its findings. (Id.). Hollingsworth contends Discover failed to investigate her dispute to remove the inaccurate information from her Account in violation of 15 U.S.C. § 1681s-2(b) of the Fair Credit Reporting Act ("FCRA"). Hollingsworth further contends that she suffered harm as a result of Discover's willful and/or negligent conduct and that she is entitled to damages and attorney's fees. (Id. at 5-6).

Presently pending before the Court is Discover's motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 9). Discover contends Hollingsworth's complaint does not state a claim for which relief can be granted because she fails to show Discover furnished inaccurate information. (Id. at 2). Rather, Discover asserts that because the IRS does not view the filing of a 1099-C to constitute "an admission by the creditor that it has discharged the debt and can no longer pursue collection[,]" the debt was not cancelled upon Discover's issuance of the Form 1099-C to Plaintiff. (Id. at 6). Discover further contends that without factual support of the company's intention to "wholly extinguish the debt rather than charge it off due to Plaintiff's default[,]" Hollingsworth's "allegations are not sufficient to support a finding that the debt was cancelled after issuance of the Form 1099-C" and in the absence of facts showing any inaccuracy in Discover's reporting of Hollingsworth's debt on

her credit account, "[her] FCRA claim against Discover fails as a matter of law and should be dismissed with prejudice." (Id. at 9).

In her response in opposition to Discover's motion (Doc. 14), Hollingsworth asserts that while many courts have held that the Form 1099-C is evidence of discharge, the Court need not decide that issue at this early juncture of the case because she has alleged sufficient facts from which a reasonable jury could find that the Discover debt was discharged. (Doc. 14 at 2). Discover filed a reply which reiterated the arguments asserted in its initial brief. (Doc. 16). The motion is now fully briefed and is ready for resolution.

## II. STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal when the allegations in the complaint fail to state a claim to which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Although a complaint does not require "detailed factual allegations," it "requires more

than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Twombly, 550 U.S. at 555 (internal citation omitted). Nor is it sufficient for a complaint to tender "'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (citation omitted). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id., at 679. While well-pleaded factual allegations are accepted as true, the court is not required to accept a plaintiff's legal conclusions. Id.

### III. DISCUSSION

"Congress enacted the FCRA in 1970 to ensure fair and accurate credit reporting, promote efficiency in the banking system and protect consumer privacy." Gelman v. State Farm Mut. Auto. Ins. Co., 583 F.3d 187, 191 (3d Cir. 2009) (quoting Safeco Ins. Co. of America v. Burr, 551 U.S. 47, 52 (2007)). FCRA imposes certain obligations on credit reporting agencies ("CRAs") and "furnishers of information" that report consumer information to CRAs." See Felts v. Wells Fargo Bank, N.A., 893 F.3d 1305, 1312 (11th Cir. 2018); 15 U.S.C. § 1681 *et seq*. Discover, as a furnisher of information to CRAs, is required to (1) "report accurate information to CRAs regarding consumers" and (2) "conduct an investigation after receiving notice from a CRA of a dispute lodged by a consumer regarding information provided by the furnisher[.]"

Id., 893 F.3d at 1312. Consumers have a private right of action against furnishers of information who, in violation of 15 U.S.C. § 1681s-2(b), fail to conduct an investigation upon notice of a dispute. Id.

Under § 1681s-2(b), when a CRA notifies a furnisher of information that a consumer disputes the accuracy or completeness of information provided by the furnisher, "the furnisher must (1) conduct an investigation with respect to the disputed information; (2) review all relevant information provided by the CRA; and (3) report the results of the investigation to the CRA." Id.; 15 U.S.C. § 1681s-2(b)(1). If the investigation reveals disputed information that "is incomplete, inaccurate, or cannot be verified, the furnisher must either modify, delete, or permanently block reporting of that information." Id.; § 1681s-2(b)(1)(E). With respect to information the furnisher finds is incomplete or inaccurate, the furnisher shall report those findings to all other CRAs. Id.; § 1681s-2(b)(1)(D).

In order to state a claim under § 1681s-2(b), a plaintiff must allege: (1) that the defendant is a "furnisher of credit information"; (2) that the plaintiff notified the CRAs that the plaintiff has disputed misleading or inaccurate credit reporting; (3) "that the CRAs notified the defendant of the dispute(s)"; (4) that the reporting was misleading or inaccurate; and (5) "that the defendant failed to conduct a reasonable re-investigation of the

dispute." Bueno v. Univ. of Miami, 2023 U.S. Dist. LEXIS 72958, at *6-*7, 2023 WL 3093614, at *2 (S.D. Fla. Apr. 26, 2023) (citing Felts, 893 F.3d at 1312), reconsideration denied, 2023 U.S. Dist. LEXIS 137506, 2023 WL 5037785 (S.D. Fla. Aug. 8, 2023); 15 U.S.C. § 1681s-2(b).

The essence of Discover's motion is that Hollingsworth has failed to state a claim for relief because the Form 1099-C at issue did not cancel her debt; therefore, Hollingsworth cannot show Discover furnished inaccurate information to CRAs. (Doc. 9 at 9). Discover maintains that "without evidence of [its] actual intent to cancel the debt, [Hollingsworth]'s claim fails as a matter of law." (Doc. 16 at 4).

A Form 1099-C is issued when an "applicable entity . . . discharges (in whole or in part) the indebtedness of any person during any calendar year." 26 U.S.C. § 6050P. There are eight delineated events that can trigger the filing and issuance of a Form 1099-C, among which is a "discharge of indebtedness pursuant to a decision by the creditor, or the application of a defined policy of the creditor, to discontinue collection activity and discharge debt."[2] 26 C.F.R. § 1.6050P-1(b)(2)(i)(G). Courts

---

[2] The identifiable events include discharge through the debtor's filing for bankruptcy, the expiration of the statute of limitations for collection, discharge by agreement of the parties, a creditor's decision "to discontinue collection activity and discharge debt," and "expiration of the non-payment testing period." § 1.6050P-1(b)(2)(i).

disagree as to the legal significance of the issuance of a 1099-C:

> Most [courts] have held that, absent other evidence, the issuance of a Form 1099-C does not automatically discharge a debt. See e.g. FDIC v. Cashion, 720 F.3d 169, 176-81 (4th Cir. 2013); Cadle v. Neubauer, 562 F.3d 369, 374 (5th Cir. 2009); Wells Fargo Advisors, LLC v. Mercer, 735 F. App'x 23 (7th Cir. 2018). A small minority of courts have disagreed and found that the issuance of a Form 1099-C alone does cancel a debt. See In re Reed, 492 B.R. 261, 268 (Bankr. E.D. Tenn. 2013); In re Crosby, 261 B.R. 470, 476-77 (Bankr. D. Kan. 2001); In re Welsh, 06-10831-ELF, 2006 Bankr. LEXIS 3756, 2006 WL 3859233, at *2 (Bankr. E.D. Pa. Oct. 27, 2006). The minority have generally found that "because filing a Form 1099-C has legal significance to the debtor's income tax liability, and because the debtor faces penalties or fines for failing to comply with the obligations imposed, it would be inequitable to permit a creditor to collect the debt after having received the benefit of the 'charge-off' of the debt from filing the Form 1099-C." See Cashion, 720 F.3d at 178.

Johnson v. Branch Banking & Tr. Co., 2018 U.S. Dist. LEXIS 159633, at *5, 2018 WL 4492478, at *2 (W.D. Ky. Sept. 19, 2018).

Assuming *arguendo* that the majority's position, which holds that the mere fact that a Form 1099-C has been filed does not, standing alone, constitute sufficient evidence that a debt has been cancelled, is the correct position, the undersigned finds that Hollingsworth has, at this early juncture of the case, plausibly plead that Discover cancelled her debt, that Discover erroneously reported the debt as owing, and that Discover failed to reasonably investigate the dispute as required by the FCRA. As noted *supra*, in her complaint, Hollingsworth alleges that on or

about December 31, 2021, Discover canceled the balance owed on her Account, and that at some undisclosed point, Discover issued Hollingsworth an IRS Form 1099-C, stating it discharged the debt in the amount of $10,457.52 and that the Form 1099-C canceled the balance owed on the Account. She also asserts that the Form 1099-C had the Identifiable Event Code "G" marked, indicating that Discover had made the decision or policy to discontinue collection of the debt and to cancel the debt. At this juncture, it is not clear why the Form 1099-C, with the Identifiable Event Code "G" marked was issued, or whether Hollingsworth relies on any evidence, beyond the Form 1099-C, in support of her allegation that Discover cancelled the debt on or before December 31, 2021. At this juncture, Hollingsworth has plausibly alleged that her debt was discharged. See Seymour v. USAA Fed. Sav. Bank, 2019 U.S. Dist. LEXIS 247452, at *5, 2019 WL 13246822, at *2 (M.D. Fla. Feb. 28, 2019) ("Although the mere filing of a Form 1099-C does not prove a debt was discharged, it can nonetheless serve as evidence of such."); Perez v. Equifax Info. Servs., LLC, 2023 U.S. Dist. LEXIS 58392, at *3-*4, 2023 WL 2756928, at *1-*2 (M.D. Fla. Apr. 3, 2023) (denying motion to dismiss where plaintiff alleged Discover "cancelled and discharged" her debt and issued her a 1099-C marked "G"); Mennes v. Capital One, N.A., 2014 U.S. Dist. LEXIS 61729, at *17, 2014 WL 1767079, at *6 (W.D. Wis. May 5, 2014) (motion to dismiss granted in part where plaintiff received 1099-C but

conceded he did not know what "identifiable event" triggered its issuance; however, plaintiff allowed to amend complaint to add additional allegations, "[b]ecause it is possible that plaintiff can produce evidence that an actual discharge occurred in his case"); Atchison v. Hiway Fed. Credit Union, 2013 U.S. Dist. LEXIS 38532, at *11-*12, 2013 WL 1175020, at *4 (D. Minn. Mar. 20, 2013) ("While it is clear . . . that a Form 1099-C does not operate alone to legally discharge a debtor from liability, . . . [p]laintiff's assertion that the [creditor] otherwise intended to extinguish [p]laintiff's debt merits additional discovery at this early stage of litigation."); Lewis v. Synchrony Bank, 2021 U.S. Dist. LEXIS 16775, 2021 WL 307546, at *2-*3 (D.N.J. Jan. 28, 2021) (where plaintiff alleged that the debt was discharged and that the 1099-C served as memorialization, court held that plaintiff had plausibly pled that bank violated the FCRA in failing to reasonably investigate the disputed balance).³

---

³ Discover's reliance on decisions rendered at summary judgment or after trial is misplaced at this juncture. See F.D.I.C. v. Cashion, 720 F.3d 169, 177-79 (4th Cir. 2013) (affirmed trial court's grant of summary judgment because the form-1099-C was not sufficient, standing alone, to raise a genuine issue of material fact); Ware v. Bank of Am. Corp., 9 F. Supp. 3d 1329, 1340 (N.D. Ga. 2013) (form 1099-C did not raise a genuine dispute of fact for purposes of defeating defendant's summary judgment motion); Capital One, N.A. v. Massey, 2011 U.S. Dist. LEXIS 83817, at *10, 2011 WL 3299934, at *3 (S.D. Tex. Aug. 1, 2011) (the issuance of a 1099-C does not discharge debtors from liability; thus the fact that the plaintiff issued a 1099-C did not raise a genuine issue of material fact).

**IV. CONCLUSION**

Accordingly, for the reasons set forth above, the undersigned recommends that Discover's motion to dismiss (Doc. 9) be **DENIED**.

**NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the

Magistrate Judge is not specific.

    **DONE** this **22nd** day of **January, 2024.**

                                          **/s/ SONJA F. BIVINS**
                                       **UNITED STATES MAGISTRATE JUDGE**